1  Floyd W. Bybee, #012651
   BYBEE LAW CENTER, PLC
2  4445 E. Holmes Avenue
   Suite 107
3  Mesa, AZ 85206-3398
   Office: (480) 756-8822
4  Fax: (480) 302-4186
   floyd@bybeelaw.com
5
   Attorney for Plaintiff
6

7

8              UNITED STATES DISTRICT COURT

9                   DISTRICT OF ARIZONA

10
                                    )
11 Maynard Engle;                   )   No.
                                    )
12                                  )
                                    )
13         Plaintiff,               )
                                    )   COMPLAINT
14 v.                               )
                                    )
15 Portfolio Recovery Associates,   )
   LLC;                             )
16                                  )
                                    )
17         Defendant.               )   (Jury Trial Demanded)
                                    )
18                                  )

19      Plaintiff, Maynard Engle, by and through counsel undersigned, and in

20 good faith, alleges as follows:

21                    I.  PRELIMINARY STATEMENT

22 1.   Plaintiff brings this action for damages based upon Defendant's

23      violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et

24      seq. (hereinafter "FDCPA"). Plaintiff seeks an award of statutory

25      damages, actual damages, costs and attorney's fees.

## II. STATUTORY STRUCTURE OF FDCPA.

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages

1 up to $1,000; attorney's fees as determined by the Court and costs of
2 the action. FDCPA § 1692k.

### III.  JURISDICTION

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### IV.  PARTIES

9. Plaintiff is a citizen of Maricopa County, Arizona.
10. Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as defined by FDCPA § 1692a(3).
11. Defendant Portfolio Recovery Associates, LLC ("Portfolio") is a Delaware corporation.
12. Portfolio regularly collects or attempts to collect debts owed or asserted to be owed or due another.
13. In the alternative, Portfolio regularly collects or attempts to collect debts which it has purchased after default.
14. Portfolio is a "debt collector" as defined by FDCPA § 1692a(6).

### V.  FACTUAL ALLEGATIONS

15. In November 2006, Plaintiff was sued by Portfolio in the San Tan Justice Court, docket number CC2006-191655, for a debt which originated with Providian Bank.
16. The Providian Bank debt was incurred for personal, family and household purposes.
17. On April 13, 2007, the San Tan Justice Court signed an order

|   |     |                                                                                               |
|---|-----|-----------------------------------------------------------------------------------------------|
| 1 |     | dismissed the action with prejudice. (A copy of the Order Dismissing                          |
| 2 |     | Case with Prejudice is attached hereto as Exhibit A).                                         |
| 3 | 18. | In December 2008, Plaintiff attempted to obtain financing to purchase                         |
| 4 |     | a home for his family.                                                                        |
| 5 | 19. | When the mortgage broker obtained a credit report on Plaintiff,                               |
| 6 |     | Plaintiff learned that Portfolio was continuing to report the Providian                       |
| 7 |     | debt as a current collection account, with a balance owing of $3,569 as                       |
| 8 |     | of December 2008.                                                                             |
| 9 | 20. | In June 2009, Plaintiff again obtained a copy of this credit reports                          |
| 10|     | which showed that Portfolio was continuing to report the Providian                            |
| 11|     | debt as a current collection account with a balance owing of $3,659.                          |
| 12| 21. | On July 17, 2009, Portfolio sent or caused to be sent to Plaintiff a                          |
| 13|     | collection letter requesting payment of $3,679 on the Providian debt.                         |
| 14|     | (A copy of the July 17, 2009 letter from Portfolio is attached hereto as                      |
| 15|     | Exhibit B).                                                                                   |
| 16| 22. | Exhibit B was sent directly to Plaintiff despite its knowledge that                           |
| 17|     | Plaintiff was represented by an attorney concerning the Providian                             |
| 18|     | debt.                                                                                         |
| 19| 23. | Portfolio's actions as outlined above were taken as part of its persistent                    |
| 20|     | and routine practice of debt collection.                                                      |
| 21| 24. | Defendant has continued to report inaccurate, derogatory and                                  |
| 22|     | improper information and failed to retract, delete and/or suppress                            |
| 23|     | inaccurate, derogatory and improper information about the Plaintiff,                          |
| 24|     | as described more fully herein.                                                               |
| 25| 25. | As a result and proximate cause of Defendant's actions, Plaintiff has                         |

1 suffered actual damages, and continues to suffer damages.

2 ## VI.  CAUSES OF ACTION

3 a.  Fair Debt Collection Practices Act

4 26.  Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.

6 27.  Defendant Portfolio's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692c(a)(2), 1692e, 1692e(2)(A), 1692e(10), and 1692f(1).

9 28.  As a direct result and proximate cause of Defendant Portfolio's violations of the FDCPA, Plaintiff has suffered actual damages for which it is liable.

12 ## VII.  DEMAND FOR JURY TRIAL

13 Plaintiff hereby demands a jury trial on all issues so triable.

14 ## VIII.  PRAYER FOR RELIEF

15 WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

17 a) Statutory damages of $1,000 pursuant to FDCPA § 1692k;

18 b) Actual damages for the FDCPA violations in an amount to be determined at trial;

20 c) Costs and reasonable attorney's fees pursuant to §1692k; and

21 d) Such other relief as may be just and proper.

23 / / /

24 / / /

1
2  DATED  December 11, 2009  .
3
4                              s/ Floyd W. Bybee
   Floyd W. Bybee, #012651
5  BYBEE LAW CENTER, PLC
   4445 E. Holmes Avenue
6  Suite 107
   Mesa, AZ 85206-3398
7  Office: (480) 756-8822
   Fax: (480) 302-4186
8  floyd@bybeelaw.com
9  Attorney for Plaintiff
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25